```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:05CV40-02-MU
              (3:01CR184-MU)
```

DAVID MICHAEL BLACKMON,   )
    Petitioner,         )
                         )
    v.                   )          ORDER
                         )
UNITED STATES OF AMERICA, )
    Defendant.          )
_____)

**THIS MATTER** comes before the Court on its own motion.

The record of this matter reflects that on January 27, 2005, the petitioner filed a Motion to Vacate under 28 U.S.C.§2255 in this Court. On February 15, 2000, the undersigned entered an Order, directing the United States to file a response to the petitioner's Motion. After obtaining an extension of time, on April 13, 2005, the government filed a combined Response and Motion to Dismiss to the petitioner's Motion to Vacate. Accordingly, on April 20, 2005, the undersigned entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), directing the petitioner to respond to the respondent's Motion to Dismiss.

Next, after obtaining his own extension of time, on July 18, 2005, the petitioner filed a Motion to Supplement, essentially seeking permission to amend his Motion to Vacate. And then, on August 29, 2005, the petitioner filed a Motion for Continuance, actually seeking a stay in his case until such time as the Fourth

Circuit Court of Appeals could decide the matter of United States v. Morris, No. 04-7889 (4th Cir., filed July 14, 2005). By Order of September 16, 2005, the Court denied the petitioner's Motion to Supplement, but granted his Motion for Continuance, thereby Staying this matter pending the Fourth Circuit's resolution of the Morris appeal.

Now, upon reviewing its cases, this Court has determined that the subject Stay should be lifted, and the petitioner should be directed to respond to the government's Motion to Dismiss as the appellate Court, on January 18, 2006, issued its mandate in the Morris case. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

Once again, therefore, the Court advises that you have the opportunity to reply to the respondent's Motion. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). You may not allege new facts surrounding the events in question as part of your reply. You should base your reply and/or argument(s) solely on the allegations contained in your original Motion to Vacate and/or the respondent's Motion to Dismiss.

You are further advised that you have thirty (30) days from the filing of this Order in which to file your reply and any documents, affidavits, or unsworn declarations you may wish to submit in opposition to the respondent's Motion. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO DISMISSAL.**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the **STAY** imposed by Order of September 16, 2005 is hereby **LIFTED**, and the instant proceedings are reinstated; and

2. That the petitioner has thirty (30) days from the filing of this Order in which to provide a response, along with his own documents, affidavits, or declarations in opposition to the pleading filed by the respondent.

**SO ORDERED.**

Signed: May 2, 2006

Graham C. Mullen
United States District Judge